Janice M. Bellucci, Esq., SBN 108911
LAW OFFICES OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel:    (805) 896-7854
Fax:   (805) 349-8872
JMBellucci@aol.com

Attorney for Plaintiff FRANK LINDSAY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| FRANK LINDSAY, an individual,<br><br>                          Plaintiff,<br><br>vs.<br><br>TOWN OF YUCCA VALLEY, an incorporated California municipality; and DOES 1 to 10, inclusive,<br><br>                          Defendants.<br>_____ | Case No.:<br><br>**VERIFIED COMPLAINT FOR RELIEF**<br><br>**[42 U.S.C. Section 1983]** |

## INTRODUCTION

1.      This civil rights action challenges the presence restrictions of Chapter 11.90 of the Town of Yucca Valley Municipal Code (the "Ordinance") in that their application violates the First, Fifth and Fourteenth Amendments to the United States Constitution, the Ex Post Facto Clause of the United States Constitution, is unconstitutionally vague, and violates Article XI, Section 7 of the California Constitution, as more specifically alleged herein.

## JURISDICTION AND VENUE

2.      This court has jurisdiction over this action under 28 U.S.C. Sections 1331, 1343(a), and 2201, as well as pursuant to 42 U.S.C. Section 1983.

**VERIFIED COMPLAINT FOR RELIEF**

3.      Under 28 U.S.C. Section 1391(b), venue is proper in this Federal district because defendant is a municipality in this district and the events giving rise to the claims have occurred and continue to occur in this district.

## PLAINTIFF

4.      Plaintiff Frank Lindsay is a resident of the State of California and is a citizen of the United States, and was both at all times herein mentioned and relevant to this action.  Plaintiff Lindsay is an individual who is required to register with a government entity as a sex offender as a result of a conviction of a sex crime against a child.

## DEFENDANTS

5.      The Town of Yucca Valley ("Defendant") is an incorporated municipality located in San Bernardino County, State of California.  Defendant adopts municipal ordinances through the five-member Town of Yucca Valley Town Council and enforces such ordinances through the San Bernardino County Sheriff's Department.

6.      The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiff, who therefore sues such Defendant by fictitious names. Plaintiff will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

7.      Defendant and Does 1 through 10 are collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

8.      The Town of Yucca Valley Town Council adopted Ordinance No. 195 on September 11, 2008.  That ordinance was subsequently codified as Municipal Code Chapter 11.90, which includes Sections 11.90.010 through 11.90.050.   The ordinance is entitled "REGULATION OF REGISTERED SEX OFFENDERS" in the Town of Yucca Valley Municipal Code.

**VERIFIED COMPLAINT FOR RELIEF**

9.      According to Section 11.90.010, the Ordinance was adopted because "(s)ex offenders pose a clear threat to the children residing or visiting in the town of Yucca Valley.  Convicted sex offenders are the least likely to be cured and the most likely to reoffend and have a higher recidivism rate for their crimes than any other type of violent felon."  To achieve this purported purpose, the Ordinance imposes numerous life-long restrictions within the boundaries of the Town of Yucca Valley regarding the presence of sex offenders that significantly restrain the civil liberties of _all_ persons required to register as a sex offender  as a result of a conviction of a sex crime against a child (herein a "Registrant" or "Registrants").

10.     The purported purpose of the Ordinance are not supported by and, in fact, are inconsistent with numerous state and federal government reports which establish that the rate of re-offense for a sex offender is 1.8 percent[1] while on parole and 3.2 percent[2] during his or her lifetime.  About 95 percent of sex crimes are committed by individuals who are not registered sex offenders.[3]

11.     As set forth more specifically herein, Sections 11.90.030A and 11.90.030B of the Ordinance significantly restrict the presence of Plaintiff and all Registrants by prohibiting them from being present within three hundred (300) feet of a school and/or a park where children are present.  The definition of a park within the Ordinance is broad and encompasses all recreation facilities where children regularly gather.

12.     Section 11.90.020 of the Ordinance uses the following definitions:

a.  "Child" or "children" means any less than eighteen (18) years of age.

b.  "Daycare center" means any facility licensed as such pursuant to California Health and Safety Code section 1596.750 including infant

---

[1] See "2013 Outcome Evaluation Report" issued by the California Department of Corrections and Rehabilitation issued in January 2014 at page 26.
[2] See "Recidivism of Sex Offenders Released from Prison in 1994" report issued by U.S. Department of Justice, Bureau of Justice Statistics at page 27.
[3] See "A Better Path to Community Safety" report issued by the California Sex Offender Management Board in April 2014 at page 2.

**VERIFIED COMPLAINT FOR RELIEF**

centers, preschools, extended daycare facilities, and school age childcare centers except it does not include a family daycare home as defined in Health and Safety Code section 1596.78.

c. "Park" means a park or other recreation facility where children regularly gather

d.  "Registered sex offender" means an individual who is required by law to register with a government entity as a sex offender as a result of a conviction of a sex crime against a child.

e. "School" means any public or state licensed private elementary or secondary school, attendance at which satisfies the compulsory education laws of the state of California."

13.    Each violation of the Ordinance is a misdemeanor, punishable by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding six (6) months, or by both such fine and imprisonment.  (See Yucca Valley Municipal Code § 11.90.050.

14.    The Ordinance does not take into consideration that the California State Legislature has enacted a comprehensive and detailed legislative scheme prohibiting numerous sex offenses.  *See, e.g.,* California Penal Code §§ 220, 261, 261.5, 261.6, 261.7, 262, 263, 264, 264.1, 264.2, 265, 266, 266a – 266k, 267, 269, 285, 286, 286.5, 288, 288.2, 288.3, 288.4, 288.5, 288.7, 288a, 289, 289.5, 289.6, 311.1, 311.2(b)-(d), 311.3, 311.4, 311.10, 311.11, 647.6, 653f(c), 314.

15.    The Ordinance does not take into consideration that the California State Legislature has also adopted a comprehensive and detailed system for monitoring and regulating the conduct of persons convicted of certain sex offenses.  *See* California Penal Code §§ 290, 290.001-290.0415, 290.01-290.08, 290.3-290.95, 291-294, 1203.066-1203.067, 3003.5, 3004, 3006-3008, 3053.8.

16.     On January 10, 2014, the California Court of Appeals invalidated an ordinance with similar prohibitions regarding where a sex offender may be present adopted by the City of Irvine because it was preempted by existing state law.  The court held in that case that the state statutory scheme imposing restrictions on a sex offender's daily life "fully occupied the field." [*See People v. Nguyen*, 222 Cal. App. 4th 1168 (Cal. App. 4th Dist. 2014).]   The stated intent of the Irvine ordinance is similar to the stated intent of the Yucca Valley ordinance in that it was to restrict Registrants from entering areas defined by those ordinances as places frequented by children and included parks and other recreational facilities deemed to be places where "children regularly gather."

17.     On April 23, 2014, the Supreme Court of California denied review in the *Nguyen* case.  Therefore, the issue of state law preemption with regard to the regulation of sex offenders' daily lives in California is settled California state case law.

18.     Proposition 83, also known as "Jessica's Law" (effective November 8, 2006), as codified in subdivisions (b) and (c) of California Penal Code § 3003.5, does not prohibit municipal jurisdictions from enacting local ordinances that further restrict the residency of a person required to register pursuant to California Penal Code § 290. (*See* Cal. Pen. Code § 3003.5, subd. (c).)  However, California Penal Code § 3003.5, subdivision (c) *does not authorize* local governments to enact ordinances that restrict where a registered sex offender may temporarily be present.

19.     The Ordinance imposes additional restrictions beyond those provided for in Penal Code § 3003.5 by prohibiting Plaintiff and all Registrants from being present within three hundred (300) feet of a school or a park and by allowing for both criminal and civil penalties.

20.     The Ordinance does not take into consideration that many *privately owned* businesses may be located adjacent to or within three hundred (300) feet of places that Plaintiff and all Registrants are prohibited from being present, at which businesses Plaintiff and all Registrants would have a legitimate purpose to visit, be employed and/or

conduct commerce (e.g., a grocery store, restaurant, doctor's office or hospital). Therefore, Plaintiff and all Registrants are also prohibited from being present in or near these businesses, according to the Ordinance.

21.     The Ordinance expressly mandates that all Registrants, including Plaintiff, are prohibited from being present within three hundred (300) feet of a recreation facility. The Ordinance's reference to the term "recreation facility" is vague and open to subjective interpretation by law enforcement officers and encourages arbitrary and discriminatory enforcement of the Ordinance.

22.     Defendant has expended, is expending, and/or will expend public funds on enforcing, preparing to enforce, and/or attempting to enforce the presence restrictions within Section 11.90 of the Town of Yucca Valley Municipal Code.  Defendant has a mandatory duty to refrain from expending public funds on enforcing, preparing to enforce, and/or attempting to enforce those restrictions because they are invalid and unconstitutional.

23.     In addition, it is unreasonable for the Town of Yucca Valley to expect anyone, in particular a Registrant visitor to that city, including Plaintiff, to refrain from being present within three hundred (300) feet of all schools and parks when they are unfamiliar with the city and/or have no knowledge of the Ordinance's restrictions. Therefore it is virtually impossible for all Registrants, including Plaintiff, to comply with the Ordinance unless they can be certain and/or is made clearly aware of the boundaries of every school and park within the city limits of the Town of Yucca Valley.

24.     Enforcement of the Ordinance requires law enforcement to scrutinize conduct, particularly intent, of otherwise lawful behavior.  The legality of Plaintiff's conduct, even when he attempts in good faith to comply with the Ordinance, turns on law enforcement interpretation of intent and knowledge.  Such restrictions are presumptively unconstitutional and must satisfy strict scrutiny.

**VERIFIED COMPLAINT FOR RELIEF**

25.     Additionally, while the Ordinance does not facially impose burdens on other persons, and specifically those who reside or travel with Plaintiff, by imposing burdens on Plaintiff relating to where he may travel, the Ordinance, as applied, imposes the same burdens on any person who resides or travels with Plaintiff as the Ordinance imposes on him.

26.     Defendant lacks either a compelling or substantial legitimate governmental interest in restraining the civil liberties of Plaintiff in the manner expressly provided by the Ordinance.

27.     Additionally, the Ordinance is not the least restrictive means to further any compelling or substantial governmental interest, specifically to protect children, as the Ordinance purports.

28.     Furthermore, the Ordinance fails to pass constitutional muster because its restrictions are not sufficiently narrowly tailored to serve any legitimate governmental interest that Defendant purports it to serve.

29.     The Ordinance is overly broad and burdens substantially more constitutionally protected conduct than is necessary to further any legitimate governmental interest.

30.     The Ordinance is vague and fails to provide sufficient notice of the conduct prohibited or allowed by Plaintiff and all Registrants so that they may conform their conduct to the requirements of the law and thereby prevent arbitrary and discriminatory enforcement. Specifically, as provided above, the Ordinance includes seemingly conflicting requirements and fails to define many terms.

31.     Finally, the Ordinance is an arbitrary and politically-motivated act imposed by a local government in response to a popular majority bias against Plaintiff and all Registrants who constitute a socially outcast minority and lends itself to discriminatory enforcement as well as the suppression of the constitutional rights of Plaintiff and all Registrants as well as any individuals who travel with them, including but not limited to

spouses, related children, parents, siblings and other family members.  The Ordinance cannot therefore meet the stringent standards required by the First, Fifth and Fourteenth Amendments, is an express violation of the Ex Post Facto Clause of the United States Constitution, is unconstitutionally vague and overly broad, and violates Article XI, Section 7 of the California Constitution.

## FIRST CLAIM

### (42 U.S.C. § 1983 – First Amendment)

32.    Plaintiff re-alleges paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.    By leaving in place, enforcing, and/or threatening to enforce the presence restrictions of Section 11.90.030 of the Ordinance, Defendants deprives Plaintiff and other Registrants of rights guaranteed by the First Amendment of the United States Constitution, including the rights to freedom of speech, access to information, expression, association and assembly.  Defendants commit these unconstitutional acts under color of authority of law.

34.    Continued enforcement or threats of enforcement of the presence restrictions of Section 11.90.030 of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the First Amendment of the United States Constitution.  Therefore, the presence restrictions of Section 11.90.030 of the Ordinance are void as applied and should be enjoined and their previous enforcement, if any, nullified.

## SECOND CLAIM

### (42 U.S.C. § 1983 – Fifth Amendment)

35.    Plaintiff re-alleges paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.    By leaving in place, enforcing, and/or threatening to enforce the presence restrictions of Section 11.90.030 of the Ordinance, Defendants deprive Plaintiff and

**VERIFIED COMPLAINT FOR RELIEF**

other Registrants of rights guaranteed by the Fifth Amendment of the United States Constitution, including the rights to life, liberty, property and due process of law. Defendants commit these unconstitutional acts under color of authority of law.

37. Continued enforcement or threats of enforcement of the presence restrictions of Section 11.90.030 of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the Fifth Amendment of the United States Constitution. Therefore, the presence restrictions of Section 11.90.030 of the Ordinance are void, as applied and should be enjoined and their previous enforcement, if any, nullified.

### THIRD CLAIM

### (28 U.S.C. §1983 – Fourteenth Amendment)

38. Plaintiff re-alleges paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. By leaving in place, enforcing, and/or threatening to enforce the presence restrictions of Section 11.90.030 of the Ordinance, Defendants deprive Plaintiff and other Registrants of rights guaranteed by the Fourteenth Amendment of the United States Constitution, including the Substantive Due Process and Equal Protection Clauses as well as the rights to family autonomy, privileges and immunities, the right to travel and the right to property. Defendants commit these unconstitutional acts under color of authority of law.

40. Continued enforcement or threats of enforcement of the presence restrictions of Section 11.90.030 of the Ordinance violates the rights of the Plaintiff and other Registrants which are protected by the Fourteenth Amendment of the United States Constitution. Therefore, the presence restrictions of Section 11.90.030 of the Ordinance are void as applied and should be enjoined and their previous enforcement, if any, nullified.

VERIFIED COMPLAINT FOR RELIEF

## FOURTH CLAIM

### (28 U.S.C. § 1983 – Ex Post Facto Clause)

41.    Plaintiff re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    By leaving in place, enforcing, and/or threatening to enforce the presence restrictions of Section 11.90.030 of the Ordinance, Defendants deprive Plaintiff and other Registrants of rights guaranteed by the Ex Post Facto Clause of the United States Constitution.  Defendants commit these unconstitutional acts under color of authority of law.

43.    Continued enforcement or threats of enforcement of the presence restrictions of Section 11.90.030 of the Ordinance violate the rights of the Plaintiff and the rights of other Registrants, which are protected by the Ex Post Facto Clause of the United States Constitution.  Therefore, the presence restrictions of Section 11.90.030 of the Ordinance are void, both facially and as applied, and should be enjoined and their previous enforcement, if any, nullified.

## FIFTH CLAIM

### (28 U.S.C. § 1983 – Void for Vagueness)

44.    Plaintiff re-alleges paragraphs 1 through 43 of this Complaint as though full set forth herein.

45.    By leaving in place, enforcing, and/or threatening to enforce the presence restrictions of Section 11.90.030 of the Ordinance, Defendants unconstitutionally enforce an ordinance that deprives the Plaintiff and other Registrants of rights which are protected under the Void for Vagueness Doctrine extended into the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. Therefore, the presence restrictions of Section 11.90.030 of the Ordinance are void, both facially and as applied, and should be enjoined and their previous enforcement, if any, nullified.

**VERIFIED COMPLAINT FOR RELIEF**

1

2

## SIXTH CLAIM

3

### (California Constitution, Article XI, Section 7 – Preemption)

4

46.    Plaintiff re-alleges paragraphs 1 through 45 of this Complaint as though

5

fully set forth herein.

6

47.    By leaving in place, enforcing, and/or threatening to enforce the presence

7

restrictions of Section 11.90.030 of the Ordinance, Defendants are in violation of the

8

California Constitution insofar as the State of California has created, both by legislative

9

enactment and popular initiative, an entire body of law regulating Registrants.  Thus, the

10

presence restrictions of Section 11.90.030 of the Ordinance are preempted by the laws of

11

the State of California, and violate the Constitution of the State of California.

12

Defendants commit these unconstitutional acts under color of authority of law.

13

48.    Continued enforcement or threats of enforcement of the presence

14

restrictions of Section 11.90.030 of the Ordinance violates Article XI, Section 7 of the

15

California Constitution.  Therefore, the presence restrictions of Section 11.90.030 of the

16

Ordinance are void, both facially and as applied, and should be enjoined and their

17

previous enforcement, if any, nullified.

18

## SEVENTH CLAIM

19

### (28 U.S.C. §2201 – Declaratory Relief)

20

49.    Plaintiff re-alleges paragraphs 1 through 48 of this Complaint as though

21

fully set forth herein.

22

50.    An actual controversy exists between Plaintiff and Defendants regarding the

23

constitutionality and enforceability of the Ordinance.

24

51.    Plaintiff is entitled to a declaration of his rights with regard to the

25

Ordinance.

26

27

28

**VERIFIED COMPLAINT FOR RELIEF**

1

## PRAYER FOR RELIEF

2      Because of the actions alleged above, Plaintiff seeks judgment against Defendants

3  as follows:

4             a.      That Defendant is enjoined in perpetuity from enforcing Sections

5  11.90.030A and 11.90.030B of the Town of Yucca Valley Municipal Code;

6             b.      That Sections 11.90.030A and 11.90.030B of the Town of Yucca

7  Valley Municipal Code be declared null and void as unconstitutionally vague and in

8  violation of the First, Fifth and Fourteenth Amendments of the United States

9  Constitution, the Ex Post Facto Clause of the United States Constitution and Article XI,

10  Section 7 of the California Constitution;

11             c.      That Plaintiff recover from Defendant, under 42 U.S.C. Section 1988,

12  all of Plaintiff's reasonable attorney's fees, costs and expenses of this litigation; and

13             d.      That Plaintiff recover such relief as the Court deems just and proper.

14  Dated: January 7, 2015             LAW OFFICE OF JANICE M. BELLUCCI

15

16             By: _____   /S/ *Janice M. Bellucci* _____
                        Janice M. Bellucci
17                      Attorney for Plaintiff Frank Lindsay

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT FOR RELIEF**